## *In re* HERR'S WILL.

*(Surrogate's Court, Kings County.* April 11, 1889.)

INHERITANCE TAXES—CHARITABLE CORPORATIONS.

> Though institutions maintained by certain charitable corporations may be "almshouses," within the meaning of Rev. St. N. Y. pt. 1, c. 13, tit. 1, § 4, which provides that "every poor-house, almshouse," etc., "and the real and personal property used for such purposes, belonging to or connected with the same," shall be exempt from taxation, yet legacies to such corporations are subject to the succession tax provided for in Laws N. Y 1887, c. 713, § 1, unless the corporations are expressly and entirely exempted from taxation by their charters or by general law, as such legacies are not "property used for such purposes," within the meaning of the former statute. Following *Catlin* v. *St. Paul's P. E. Church,* 20 N. E. Rep. 864.

In the matter of the inheritance tax of certain legacies under the will of Frederick Herr, deceased.

*S. M. & D. E. Meeker,* for executor. *W. C. Hauff,* for Lutheran Hospital Ass'n. *Benj. Estes,* for Brooklyn Home for Consumptives. *Jacob Miller,* for Wartburg Orphan Farm School. *Brewster Kissam,* for Bushwick & East Brooklyn Dispensary.

ABBOTT, S.   Chapter 713, Laws 1887, § 1, provides that "all property which shall pass by will  *  *  *  from any person who may die seised or possessed of the same, while a resident of this state,  *  *  *  to any person or persons, or to any body politic or corporate,  *  *  *  other than to  *  *  * the societies, corporations, and institutions now exempted by law from taxation,  *  *  *  shall be and is subject to a tax of five dollars on every hundred dollars of the clear market value of such property," etc.   The will of Frederick Herr bequeathed to divers charitable corporations legacies as follows: "To the Bushwick and East Brooklyn Dispensary, located at Myrtle and Lewis avenues, the sum of one thousand dollars.   To the Evangelical Home for the Aged, located on Fairfax street, between Broadway and Bushwick avenue, the sum of one thousand dollars.   To the Wartburg Home, located at East New York, (now the Twenty-Sixth ward of the city of Brooklyn,) the sum of one thousand dollars.   To the Lutheran Hospital, located at East New York aforesaid, the sum of one thousand dollars.   To the Brooklyn Home for Consumptives, the sum of one thousand dollars.   To the Orphan Asylum at Mt. Vernon, New York, the sum of one thousand dollars." The question to be determined is whether the above-named corporations and societies fall within the above-quoted exception, as "societies, corporations, and institutions now exempted by law from taxation."   Section 1, tit. 1, c. 13, pt. 1, Rev. St. provides: "All lands and all personal estate within this state, whether owned by individuals or by corporations, shall be liable to taxation, subject to the exemptions hereinafter-specified."   Section 4 provides: "The following property shall be exempt from taxation: (4) Every poor-house, almshouse, house of industry, and every house belonging to a company incorporated for the reformation of offenders, or to improve the moral condition of seamen, and the real and personal property used for such purposes belonging to or connected with the same."

The court of appeals in Catlin v. St. Paul's P. E. Church, 20 N. E. Rep. 864, has finally and conclusively settled all questions which can arise upon any claim to exemption under subdivision 7, § 4, tit. 1, c. 13, pt. 1, Rev. St., and has held that this exemption relates only to the class of corporations specified in title 4 of that chapter.   Therefore, if the corporations under consideration are entitled to the exemption claimed, it must be because they are exempt from general taxation under subdivision 4 above quoted.

I have no doubt that all the institutions maintained by the corporations above named are almshouses within this subdivision, (Association v. Mayor, etc., 104 N. Y. 581, 12 N. E. Rep. 279; Asylum v. Board, etc., 31 Hun, 116; People v. Commissioner, 36 Hun, 311;) but it still remains to be determined whether, even though these societies are entitled to the exemption granted by that subdivision, they are not still liable to taxation under chapter 713, Laws 1887.   To entitle these societies to exemption from taxation under the last-mentioned act, there must be a total and absolute exemption from general taxation of all property which they have, or could have, under any and every possible circumstance or condition; and if these corporations could, by any possibility, own or hold any property, real or personal, which would be subject to taxation, then they are liable to be taxed under the collateral inheritance acts.   This leads us to a construction of subdivision 4.   By reference to the earlier editions of the Revised Statutes we find that this subdivision originally exempted from taxation "the real and personal property belonging to or connected with" the societies mentioned in this subdivision.   By chapter 136 of the Laws of 1866, this section was amended so as to exempt "the real and personal property used for such purposes belonging to or connected with" these societies.   The insertion of the words "used for such purposes" would appear to have been intended to limit the exemption to the real property actually occupied, and the personal property actually contained in the same, and directly used for the charitable purposes specified.

I am convinced that it was the intention of the legislature, by this amendment, to make subdivision 4 practically correspond to the provisions of subdivision 3, which pertain to exemptions of the "buildings erected for the use of a college,   *   *   *   and the several lots whereon such buildings are situated, and the furniture belonging to each of them;" and therefore, in view of the decision of the court of appeals in *Catlin* v. *St. Paul's P. E. Church*, *supra*, that there are no charitable corporations which are not subject to the succession tax except those which are expressly exempt from taxation by their charters, and those all of whose property is so exempt under all circumstances by general law, I am of the opinion that the corporations under consideration are liable to taxation under chapter 713, Laws 1887.